**METROPOLITAN TRANSIT AUTHORITY, Appellant,**

v.

**Efren SALAZAR, Appellee.**

**No. 01–04–00016–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 4, 2004.

Randy Frazier Jr., Metropolitian Transit Authority, Houston, TX, for Appellant.

Robert Steven Kwok, Robert Kwok & Associates, Houston, TX, for Appellee.

Panel consists of Justices TAFT, JENNINGS, and BLAND.

## OPINION

JANE BLAND, Justice.

Appellee Efren Salazar sued Trena Jernigan and the Metropolitan Transit Authority ("Metro"), appellant, alleging personal injuries as a result of a motor vehicle collision. Metro filed a plea to the jurisdiction, asserting that Salazar had failed to give Metro the required notice of his claim pursuant to the Texas Tort Claims Act. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.101(a). Metro timely filed a notice of an interlocutory appeal from the trial court's order denying its jurisdictional plea. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(8). In its sole issue, Metro contends that the trial court erred in denying its motion to dismiss based on lack of jurisdiction, because Salazar failed to give Metro proper notice of his claim. We dismiss the appeal for lack of jurisdiction.

### The Facts

Salazar filed suit for injuries he alleges he received in a motorcycle accident on the Southwest Freeway high occupancy vehicle ("HOV") lane in Houston. At the time

of the collision, one of the defendants, Trena Jernigan, was traveling behind Salazar in the HOV lane. Salazar alleges that a Metro bus merged into the HOV lane in front of a vehicle traveling directly in front of Salazar. Salazar and the vehicle in front of him came to a stop. Jernigan, however, failed to control her vehicle and struck Salazar's motorcycle from behind. The impact threw Salazar off of his motorcycle and into traffic. After the collision, a Metro police officer investigated the accident and completed an accident report. His report noted: (1) the identity of the parties involved in the collision; (2) that Salazar had been injured in the collision and his property had been damaged; and (3) that the parties involved in the collision faulted the Metro bus as contributing to Salazar's injuries and property damage. The police officer, however, did not interview the Metro bus operator, cite the bus driver as the cause of the accident, nor did he list the driver as an accident witness.

## Discussion

The Texas Supreme Court recently has issued two decisions relevant to Metro's appeal. First, in *University of Texas Southwestern Medical Center at Dallas v. Loutzenhiser*, the Texas Supreme Court held that "the failure to give notice of a claim as required by section 101.101 does not deprive a court of subject matter jurisdiction over an action on the claim." 140 S.W.3d 351, 362 (Tex.2004). Second, in *Texas Dep't of Criminal Justice v. Simons*, the court held that "actual notice under section 101.101 requires that a governmental unit have knowledge of the information it is entitled to be given under section 101.101(a) and a subjective awareness that its fault produced or contributed to the claimed injury." 140 S.W.3d 338, 348 (Tex.2004). Relying on its opinion in *Loutzenhiser*, the Texas Supreme Court held that, because a lack of notice is not

jurisdictional, it cannot be made the basis of a plea to the jurisdiction in the trial court. *Id.* at 348–49. As a result, a court of appeals has no jurisdiction over an interlocutory appeal from a ruling on a plea to the jurisdiction challenging notice under the Texas Tort Claims Act, and should dismiss such an appeal. *Id.* at 349. We therefore hold that we have no jurisdiction over this appeal.

## Conclusion

Lack of proper notice under the Texas Tort Claims Act does not defeat a trial court's jurisdiction, and thus the trial court properly denied Metro's motion to dismiss for lack of jurisdiction. Moreover, the denial of a plea to the trial court's jurisdiction based on lack of proper notice under the Texas Tort Claims Act may not serve as a basis for an interlocutory appeal. We therefore dismiss this appeal for lack of jurisdiction.